IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| SHARITA GAINES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 16-cv-10940 |
| ) | |
| CITY OF CHICAGO, ) | |
| CHICAGO POLICE OFFICERS ) | |
| PETER FLEMING (Star # 6063), ) | |
| MICHAEL ROMAN (Star # 12008), ) | |
| MASUD HAIDARI (Star # 4663), ) | |
| MARCO DI FRANCO (Star # 19132), ) | |
| HERBERT BETANCOURT (Star # 16976), ) | |
| JOHN HAMILTON (Star # 2329), ) | |
| VERLISHER SYAS (Star # 19154), ) | |
| ) | |
| Defendants. ) | |

**<u>FIRST AMENDED COMPLAINT</u>**

NOW COMES Plaintiff, SHARITA GAINES ("Plaintiff" or "Plaintiff Gaines"), by her attorneys, Barney & Hourihane, LLP and the Law Office of Timothy J. Fiscella, and complaining of Defendants, CITY OF CHICAGO ("City") and CHICAGO POLICE OFFICERS PETER FLEMING (Star No. 6063), MICHAEL ROMAN (Star No. 12008), MASUD HAIDARI (Star No. 4663), MARCO DI FRANCO (Star No. 19132), HERBERT BETANCOURT (Star No. 16976), JOHN HAMILTON (Star No. 2329), and VERLISHER SYAS (Star No. 19154) (referred to collectively as "Defendant Officers"), states as follows:

1

## Introduction

1. This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiffs' rights as secured by the United States Constitution.

## Jurisdiction and Venue

2. This Court has jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343(a), the Constitution of the United States, and this Court's supplemental jurisdiction powers.

3. Venue is proper under 28 U.S.C. § 1391(b). On information and belief, all parties reside in this judicial district, and the events giving rise to the claims asserted herein occurred within the district.

## Parties

4. Plaintiff Sharita Gaines is the mother of a one-year old minor child (referred to herein as "M.G."). She is employed as a Direct Support Professional by Neumann Family Services, a social services organization for individuals with intellectual and developmental disabilities, and is resident of Chicago Illinois, within the Northern District of Illinois, Eastern Division.

5. On information and belief, Defendant Officers were at the time of the events complained of herein employed by the City of Chicago as police officers.

6. The City of Chicago is a duly incorporated municipal corporation within the Northern District of Illinois and is the employer and principal of the Defendant Officers.

7. At all times material to this Complaint, the Defendant Officers were acting in the scope of their employment and under color of state law, ordinance, and/or regulation, statutes, custom, and usage of the City of Chicago.

## Background

8. On or about May 13, 2016, at approximately 8:30 P.M., Plaintiff was present in her residence located on the 7500 block of South Coles Avenue with her 1 year old daughter, M.G., when Defendant Officers arrived at her apartment building.

9. Plaintiff's apartment building is a residential multi-unit building with more than one dozen separate apartment units.

10. Prior to Defendant Officers' arrival at Plaintiff's building, Defendant Fleming had obtained a search warrant for Plaintiff's apartment, Unit 2B.

11. In order to obtain the search warrant, Defendant Fleming submitted a sworn Complaint for Search Warrant to a Cook County judge.

12. Based on the Complaint for Search Warrant submitted by Officer Fleming, the search warrant for Plaintiff's apartment, Unit 2B, was signed by the judge.

13. The Complaint for Search Warrant contained materially false information.

14. Defendant Officer Fleming included the materially false information in the Complaint for Search Warrant knowing said information was false.

15. Among the materially false information knowingly provided by Defendant Fleming were the following claims:

    a. that a "concerned citizen" had provided him information that drug sales were occurring at Plaintiff's apartment unit;

    b. that Defendant Officer Fleming conducted surveillance and observed numerous individuals approach Plaintiff's rear apartment door in a manner consistent with common practice for narcotics sales; and

    c. that a confidential informant had purchased narcotics from Plaintiff's apartment, Unit 2B.

16. The stated purpose of the warrant procured by Defendant Fleming was to search for an unnamed individual with the purported alias "AK."

17. According to the warrant description, "AK" was a black male; approximately 35 years old; of medium skin complexion; 5'8" tall and 180 pounds in weight; and had black hair and brown eyes.

18. The individual identified in the search warrant as "AK" is a person who also goes by Llewain Hardin (hereinafter "Hardin").

19. Hardin was the lessee for the apartment across the hall from Plaintiff, Unit 2A.

20. Hardin was a drug dealer known to at least some of Defendant Officers, including Defendants DiFranco, Hamilton, Betancourt, and Syas.

21. As of May 13, 2016, Plaintiff had never heard the names "AK" or Llewain Hardin, and had never met Hardin.

22. Plaintiff and minor M.G. were the only individuals living at Plaintiff's residence, Unit 2B, on May 13, 2016.

23. Plaintiff had just moved into Unit 2B as of April 1, 2016, and neither Hardin nor anyone fitting the description of "AK" had ever been to Plaintiff's residence.

24. No person, including Plaintiff, has ever dealt drugs out of Plaintiff's apartment unit since Plaintiff moved into that residence.

25. At approximately 8:30 P.M. on May 13, 2016, Plaintiff had recently returned home from work and was preparing for bed; Plaintiff was using the bathroom and her minor child was asleep in the front bedroom.

26. Plaintiff was dressed in only a t-shirt and was not wearing any pants or underwear.

27. At that time, Defendant Officers began banging on Plaintiff's rear door.

28. When Plaintiff attempted to inquire as to who was at the door, Defendant Fleming responded with the name of a male, which Plaintiff did not recognize.

29. At no point while banging on Plaintiff's door did Defendant Officers announce that they were members of the Chicago Police Department.

30. Plaintiff believed that the individuals banging on her door were attempting to break into her apartment, so she did not open the door.

31. Without warning, Defendant Officers broke down Plaintiff's door and stormed into the apartment.

32. More than one of Defendant Officers had their firearms un-holstered, raised, and pointed in Plaintiff's direction.

33. Defendant Officers did not identify themselves as police officers prior to, or upon, entry into Plaintiff's apartment.

34. Defendant DiFranco was wearing a balaclava-style mask when he entered into Plaintiff's apartment.

35. At least one other Defendant Officer was also wearing a face covering.

36. Defendant Betancourt was carrying an assault-style rifle referred to more formally as a "long gun."

37. Plaintiff, believing that she and her daughter were in danger, attempted to run from the rear door to the front bedroom where her daughter was located.

38. As she attempted to run, Plaintiff heard one of Defendant Officers yell, "Get the fuck on the floor," as he pointed a firearm at Plaintiff.

39. In response, Plaintiff immediately laid face down on the living room floor and spread her arms and hands out.

40. It was only after Plaintiff was lying on the floor that Defendant Officers identified themselves as police officers.

41. As Plaintiff laid on the floor, Plaintiff's entire lower-half was exposed to view, including her bare buttocks and genitalia.

42. Defendant Officers began searching the various rooms while Plaintiff laid on the floor with her lower body exposed.

43. At least one of the Defendant Officers had his firearm pointed forward as he entered the bedroom where Plaintiff's daughter slept.

44. After Plaintiff had been laying face down with her private areas exposed for several minutes, Defendant Officers allowed Plaintiff to put pants on.
45. One Defendant Officer retrieved Plaintiff's daughter and allowed Plaintiff to take her.
46. Defendant Officers searched Plaintiff's one-bedroom apartment and did not find any evidence of criminal activity.
47. Thereafter, Defendant Officers remained in Plaintiff's apartment for at least another thirty minutes.
48. Plaintiff was detained in the living room and was not free to leave during this time.
49. At this time, Defendant Officers were aware that Plaintiff's rear door was damaged to the point that it could not be locked, but did nothing to fix it.
50. Instead, Defendant Officers moved a refrigerator in front of the back door and then left the apartment.
51. Plaintiff was forced to sleep in her apartment that night with her one-year old daughter while the back door remained broken and unlocked.

### Count I
### 42 U.S.C. § 1983: Unlawful Entry/Unreasonable Search Related to Procurement of the Search Warrant

52. Plaintiff re-alleges each of the above paragraphs as if fully stated herein.
53. A search warrant for Plaintiff's apartment was issued based upon the materially false allegations contained in Defendant Fleming's Complaint for Search Warrant.

54. Defendant Fleming included the materially false allegations in his Complaint for Search Warrant knowing they were false.

55. The search warrant was subsequently executed on Plaintiff's residence on May 13, 2016, as described more fully above.

56. The misconduct of Defendant Fleming described herein was objectively unreasonable and was undertaken intentionally and with malice and willful indifference to Plaintiff's constitutional rights, specifically the Fourth and Fourteenth Amendments to the United States Constitution, and hence in violation of 42 U.S.C. § 1983.

57. As a result of the unjustified violation of Plaintiff's rights, Plaintiff has suffered injury, including emotional distress and damage to her residence.

**Count II**
**42 U.S.C. § 1983: Failure to Knock and Announce**

54. Plaintiff re-alleges each of the above paragraphs as if fully stated herein.

55. Prior to entering Plaintiff's residence while executing the search warrant, Defendant Officers failed to knock and announce their presence as Chicago Police Officers.

56. No exigency or other circumstances existed so as to justify Defendant Officers failure to knock and announce their presence.

57. The Defendant Officers failure to knock and announce their presence was objectively unreasonable.

58. The misconduct described in this Count was undertaken intentionally and with malice and willful indifference to Plaintiff's constitutional rights,

specifically the Fourth and Fourteenth Amendments to the United States Constitution, and hence in violation of 42 U.S.C. § 1983.

### Count III
### 42 U.S.C. § 1983:  Illegal Search of Premises

59. Plaintiff re-alleges each of the above paragraphs as if fully stated herein.

60. Defendant Officers continued to occupy and search Plaintiff's residence for at least thirty minutes after they discovered that the target of the search warrant, "AK," was not present in the residence and that the apartment contained no drugs or other contraband.

61. Defendant Officers continued presence in Plaintiff's apartment as described above was without reasonable suspicion, probable cause, or any other legal justification.

62. Defendant Officers' continued presence in Plaintiff's apartment as described above was objectively unreasonable.

63. The misconduct described in this Count was undertaken intentionally and with malice and willful indifference to Plaintiff's constitutional rights, specifically the Fourth and Fourteenth Amendments to the United States Constitution, and hence in violation of 42 U.S.C. § 1983.

### Count IV
### 42 U.S.C. § 1983: Unlawful Seizure:

64. Plaintiff re-alleges each of the above paragraphs as if fully stated herein.

65. As described in the preceding paragraphs, the Defendant Officers unlawfully detained Plaintiff in violation of the Fourth Amendment without reasonable suspicion, probable cause, or any other legal justification

66. The seizure of Plaintiff was objectively unreasonable.

67. The misconduct described in this Count was undertaken intentionally and with malice and willful indifference to Plaintiff's constitutional rights, specifically the Fourth and Fourteenth Amendments to the United States Constitution, and hence in violation of 42 U.S.C. § 1983.

68. As a result of the unjustified violation of Plaintiff's rights by the Defendant Officer, Plaintiff has suffered injury, including emotional distress.

## Count V
## 42 U.S.C. § 1983: Failure to Intervene

69. Plaintiff re-alleges each of the above paragraphs as if fully stated herein.

70. As described more fully above, one or more of the Defendant Officers had a reasonable opportunity to prevent the violations of Plaintiff's constitutional rights as set forth above.

71. As a result of the Defendant Officers' failure to intervene, Plaintiff suffered damage to her residence, as well as emotional distress.

72. The Defendant Officers' actions were undertaken intentionally with malice and reckless indifference to Plaintiff's rights.

## Count VI
## 42 U.S.C. § 1983: Conspiracy to Commit Constitutional Violations

73. Plaintiff re-alleges each of the above paragraphs as if fully stated herein.

74. As discussed in greater detail above, some or all of the Defendant Officers conspired with each other and/or with members of their department to cause damage to Plaintiff by acting in concert to obtain the unlawfully procured search warrant, continuing to execute said warrant knowing they were at the wrong location, acting in concert to detain Plaintiff knowing they did not have probable cause or legal justification to do so, agreeing not to report each other after witnessing and/or committing the constitutional violations described above, and agreeing not to generate reports documenting their conduct to cover-up their own and each other's misconduct.

75. The aforementioned actions of the Defendant Officers were the direct and proximate cause of the violations of the United States Constitution discussed above, and the attendant injury and emotional distress resulting therefrom.

## Count VII
### State Law Claim: False Imprisonment

76. Plaintiff re-alleges each of the above paragraphs as if fully stated herein.

77. In taking the actions described above, Defendant Officers restrained Plaintiff's freedom of movement.

78. Defendant Officers knew there was no probable cause or other legal justification for restraining Plaintiff's freedom of movement.

79. The actions of Defendant Officers were undertaken willfully, wantonly, maliciously, and with reckless indifference to Plaintiff's rights.

80. As a result of Defendant Officers unlawfully restraining her freedom of movement, Plaintiff has, as a direct and proximate cause, suffered injury, including emotional distress.

81. As described above, the Defendant Officers' conduct was undertaken within the scope of their employment such that their employer, City of Chicago, is liable for their actions.

## Count VIII
## State Law Claim: *Respondeat Superior*

82. Plaintiff re-alleges each of the above paragraphs as if fully stated herein.

83. In committing the acts alleged in the preceding paragraphs, Defendant Officers were members and agents of the Chicago Police Department acting at all relevant times within the scope of their employment.

84. Defendant City of Chicago is liable as principal for all torts committed by its agents.

## Count IX
## State Law Claim: Indemnification

85. Plaintiff re-alleges each of the above paragraphs as if fully stated herein.

86. Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

87. Defendant Officers are employees of the Chicago Police Department, who acted within the scope of their employment in committing the misconduct described herein.

**WHEREFORE**, Plaintiff, SHARITA GAINES, respectfully request that this Honorable Court enter judgment in her favor and against Defendants, CITY OF CHICAGO and the DEFENDANT OFFICERS named above, awarding compensatory damages and attorneys' fees, along with punitive damages against the DEFENDANT OFFICERS in their individual capacity, as well as any other relief this Court deems just and appropriate.

### Jury Demand

Plaintiff hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

Respectfully submitted,

s/ Ian Barney
Attorney for Plaintiff
Barney & Hourihane, LLP
874 Green Bay Rd., Suite 320
Winnetka, Illinois 60093
Tel: 312-854-0906

s/ Timothy J. Fiscella
Attorney for Plaintiff
Law Office of Timothy J. Fiscella
201 East Ogden, Suite 215
Hinsdale, Illinois 60521
Tel: 630-708-6690

## **CERTIFICATE OF SERVICE**

I, Ian M. Barney, hereby certify that on June 12, 2018, I electronically filed the foregoing **First Amended Complaint** with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

/s/ *Ian M. Barney*

IAN M. BARNEY
Barney & Hourihane, LLP
874 Green Bay Rd., Suite 320
Winnetka, IL 60093
Tel: (312) 854-0906
E: ian@barneyhourihane.com